HASLINGHUIS et al. v. HENCKEN, HAAREN & CO.

(Supreme Court, Appellate Term, First Department. July 7, 1913.)

1. TRADE-MARKS AND TRADE-NAMES (§ 50*)—CONSTRUCTION OF STATUTE.
    General Business Law (Consol. Laws 1909, c. 20) § 367, imposing a penalty in favor of the proprietor of a trade-mark upon any person who uses a bottle, etc., with another's trade-mark stamped thereon, is penal, and must be strictly construed.
    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 58; Dec. Dig. § 50.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRADE-MARKS AND TRADE-NAMES (§ 44*)—PROCEEDINGS FOR ACQUISITION—PUBLICATION.

    Under General Business Law (Consol. Laws 1909, c. 20) § 367, providing that any person filing a description of a trade-mark shall in New York and Kings counties publish the same once a week for three weeks in two daily newspapers, but may publish it once a week for three weeks successively in a newspaper published in the other counties, the publication must be daily in two newspapers in New York and Kings counties.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 50–52; Dec. Dig. § 44.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jacobus J. Haslinghuis and others against Hencken, Haaren & Co. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial granted.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Sayers Bros., of New York City (H. Schieffelin Sayers, of New York City, of counsel), for appellants.

George W. Tucker, Jr., of New York City, for respondents.

PAGE, J. This action was brought to recover the penalty prescribed for a violation of section 367 of the General Business Law, in refilling a bottle upon which was an alleged filed trade-mark. The plaintiffs proved that the trade-mark was filed in the office of the Secretary of State and in the office of the clerk of New York county, and the publication thereof in the New York Law Journal for the required period.

[1, 2] Section 367, however, provides that in New York and Kings counties the publication shall be "daily in two newspapers." This, being a penal statute, must be strictly construed, and plaintiff must show that he has complied with each and every requirement thereof in order to claim its protection and enable him to recover the penalty therein provided. This case is distinguishable from the case of Mackie & Coy, Distillers, Limited, v. Hencken, Haaren & Co., Inc., decided at this term (no opinion filed). In that case the trade-mark was filed in the Queens county clerk's office, in which county the statute requires the publication in one newspaper.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.