(90 Misc. Rep. 318)

### JOHN JAMESON & SON, Limited, v. REILLY.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

TRADE-MARKS AND TRADE-NAMES ☞50—REFILLING BOTTLES BEARING TRADE-MARK—STATUTORY PROVISIONS.

> Under General Business Law (Consol. Laws, c. 20) § 367, providing that any person or corporation manufacturing or selling any merchandise put up by him for sale in any bottle or receptacle with his name, trade-mark, label, or private mark appearing thereon, or branded or impressed thereon, may file with the secretary of state and the county clerk a description, specimen, or fac simile of such name, trade-mark, etc., and shall thereupon be deemed the proprietor thereof; that any person or corporation so filing such description, specimen, or fac simile may publish it in a newspaper, as therein provided; that no person, other than such proprietor of such label or mark which has been filed, shall sell, keep, or offer for sale in, from, or out of or fill or put into any receptacle on which any such name or mark appears, and while so branded or marked, any article or substance other than the original contents placed therein by the proprietor of the mark; that no person other than such proprietor where filing and publication is made, as provided, shall remove, deface, or obliterate any device or mark impressed, stamped, or blown into the substance of which any receptacle is composed without the proprietor's permission; and that no person, other than such proprietor, shall, without his permission, use, traffic in, etc., or unreasonably refuse to deliver to such proprietor, on demand, any such receptacle belonging to the proprietor branded, stamped, or marked by having any such registered design or mark blown or impressed into the substance of which the vessel or receptacle is composed, and that any person violating any provision thereof shall forfeit to such proprietor $100 for each violation—a publication of the description, specimen, or fac simile of the trade-mark, label, or other private mark is not necessary to support the recovery of a penalty for refilling bottles and selling or offering to sell therefrom a substance other than the original contents placed therein by the proprietor.
>
> [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 58; Dec. Dig. ☞50.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John Jameson & Son, Limited, against John Reilly. From a judgment dismissing the complaint at the opening of the trial, on the ground that the complaint failed to set forth facts sufficient to constitute a cause of action, plaintiff appeals. Reversed, and new trial ordered.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued April term, 1915, before GUY, BIJUR, and PENDLE-TON, JJ.

Kiernan & Moore, of New York City (Maurice J. Moore, of New York City, of counsel), for appellant.

Winslow, Keenan & Budd, of New York·City (H. Irwin Keenan, of New York City, of counsel), for respondent.

PENDLETON, J.   The action is brought to recover the penalty of $100 for each violation prescribed by section 367 of the General Business Law for refilling bottles; that is, for putting or placing in a bottle of the kind described, and selling, or offering to sell therefrom, a substance other then the original contents placed therein by plaintiff. The complaint failed to allege a publication of the description, specimen, or fac simile of the trade-mark, or label, or other private mark, as provided in that section, and the complaint was therefore dismissed. This was error.   The statute provides penalties in three classes of cases: (1) For filling any bottle with, etc., or selling, or offering to sell therefrom, any article or substance other than the original contents. (2) For removing, defacing, or obliterating any brand, trade-mark, etc., impressed, stamped, or blown into the substance of the vessel or·receptacle.   (3) For using, trafficking, etc., or refusing to return any vessel, etc., branded, or stamped, etc.

In the first case publication is not required.   In the last two it is. This case belongs to the first class, and publication was not required. In Haslinghuis et al. v. Hencken, Harren & Co., 143 N. Y. Supp. 1094, this question was apparently not considered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.